UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Craig Shaw and Katie Shaw, | Case No. 20-cv-534 (NEB/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Farm Bureau Property & Casualty Insurance Company, | |
| Defendant. | |

Adam Hagedorn and Charles J. Lloyd, Livgard & Lloyd, PLLP, 2520 University Avenue SE, Suite 202, Minneapolis, MN 55414 (for Plaintiffs); and

Stephen M. Warner, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402 (for Defendant).

This matter is before the Court on Plaintiffs' Notice of Leave to Amend the Complaint to Add a Claim for Bad Faith Under Minn. Stat. § 604.18. (ECF No. 13). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court will deny Plaintiffs' motion.

**I.   BACKGROUND**

Plaintiff Craig and Katie Shaw purchased a homeowner's insurance policy, with a limit of $268,800 from Defendant Farm Bureau Property & Casualty Insurance Company. (ECF No. 1). Plaintiffs' home was damaged by a fire in March 2019. (*Id.*, p. 2). Plaintiffs submitted a claim to Defendant. (*Id.*, p. 2). Defendant determined that Plaintiffs' insurance policy covered claim; found that the damage constituted a partial loss; and made a payment

1

based on the actual cash value of the damage to the structure. (*Id.*). Following payment, Defendant did not refund any premium to Plaintiffs. (*Id.*, p. 3). Nor did it reduce the insurance coverage on the structure following the fire. (*Id.*).

In May 2019, Plaintiffs' home burned to the ground following a second fire. (*Id.*). Plaintiffs submitted a second claim to Defendant, who paid out an amount that represented the policy limit less the amount that it paid for following the March 2019 fire. (*Id.*, p. 4). Plaintiffs demanded that Defendant pay out the remaining portion of the policy limit for the total loss of the structure. (*Id.*). Defendant refused, explaining it "[did] not believe that the intent of the valued policy statute mandates a payment for the entire policy limits for the second loss on May 19, 2019 and believe[s] your client has been fully compensated for their loss under the terms of the statutes and the policy." (ECF No. 13-2, p. 6).

Plaintiffs filed suit, alleging a breach of contract. On June 4, 2020, they filed a motion for leave to amend, seeking to add a claim that Defendant violated Minnesota's insurance standard of conduct. *See* Minn. Stat. § 604.18. (ECF No. 13-2, p. 5). In their proposed amended complaint, Plaintiffs allege that their insurance policy provides that "[t]he coverage you chose apply to each accident, 'occurrence' and loss that takes place during the policy period." (*Id.*). Plaintiffs further allege that because Minnesota's valued policy statute, *see* Minn. Stat. § 65A.08, subd. 2, requires the insurer to pay the whole amount mentioned in the policy or renewal in the case of total loss, Defendant was required to pay the whole amount due under the policy following the May 2019 fire because it was a separate occurrence from the March 2019 fire. (*Id.*, pp. 506). Plaintiffs allege that Defendant acted in bad faith in failing to do so. (*Id.*, pp. 6-7).

2

## II.  MOTION TO AMEND

Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

Defendant argues the proposed amendment is futile.[1] A motion for leave to amend a pleading is futile when the amended pleading would not withstand a motion to dismiss

---

[1] In state court, a party seeking to add a bad faith claim under Minnesota Statutes Section 604.18 must include an affidavit showing the factual basis for the motion for leave to amend. Minn. Stat. § 604.18, subd. 4. The party opposing the motion may file affidavits in response and the state trial court may grant the motion only if it is supported by "prima facie evidence." *Id*. The parties agree, however, that in federal court, a party need only satisfy Federal Rules of Civil Procedure 8 and 15 to bring a bad faith claim. *See Selective Ins. Co. of S. Carolina v. Sela*, 353 F. Supp. 3d 847, 855-63 (D. Minn. 2018). Based on the representations of the parties, the Court assumes without deciding that this motion is governed by Rules 8 and 15.

3

under Federal Rule of Civil Procedure 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

To establish a bad faith claim under Section 604.18, a party must show both (1) the absence of a reasonable basis for denying the benefits of the insurance policy and (2) that the insurer knew of or acted in reckless disregard of the lack of a reasonable basis for denying the benefits. Minn. Stat. § 604.18, subd. 2(a). The first prong is objective, requiring courts to consider whether the insurer properly investigated the claim and whether the results of the investigation were subject to reasonable review and evaluation. *Friedberg v.*

*Chubb & Son, Inc.*, 800 F. Supp. 2d 1020, 1025 (D. Minn. 2011). The second prong is subjective and focuses on what information the insurer knew and when. *Id*. If the information available to the insurer shows the claim to be fairly debatable, then the insurer "is entitled to debate it, whether the debate concerns a matter of fact or law." *Id*.

Plaintiffs have not alleged sufficient facts to establish a plausible bad faith claim. As to the first prong, Plaintiffs do not allege that Defendant failed to investigate their claim. In fact, they admit in their memorandum of law that Defendant conducted an extensive investigation. (ECF No. 15, p. 2). Instead, Plaintiffs argue that Defendant did not fairly evaluate their claim because the only explanation that Defendant provided for denying the claim was a statement that Minnesota's valued policy statute and the insurance policy did not "mandate[]" payment for the entire policy limits. At most, Plaintiffs have alleged that Defendant acted in bad faith because they interpreted Plaintiffs' insurance policy and the valued policy statute incorrectly. Bad faith claims do not arise simply because the insurer interpreted the policy or related statutes incorrectly. *Friedberg*, 800 F. Supp. 2d at 1027. Because Plaintiffs identify no other shortcoming in Defendant's investigation and evaluation of their claim, the Court would deny the motion for leave to amend for this reason alone.

But even setting that issue aside, the information available to the insurer, as alleged by Plaintiffs, shows that their claim for the remaining portion of the policy was fairly debatable. Plaintiffs' claim centers on the fact that Minnesota Statutes Section 65A.01, which is "commonly referred to as the Minnesota standard fire insurance policy," and is considered a "'valued policy' law," meaning that when a total loss occurs, "the insurer

5

must pay the insurable value and cannot reduce the amount of recovery." *Auto-Owners Inc. Co. v. Second Chance Investments, LLC*, 827 N.W.2d 766, 769-70 (Minn. 2013). Plaintiffs contend that under this statute, Defendant owed them the full amount of the policy for the May 2019 fire, notwithstanding the fact that they had previously been paid a portion of the policy for the March 2019 fire, because the May 2019 fire was a separate occurrence that resulted in the home's total loss.

Plaintiffs' interpretation of Minnesota's valued policy law and their own policy may have some merit. But the Court cannot conclude that, as alleged, Defendant acted without a reasonable basis in denying Plaintiffs' claim. Neither party has identified, and the Court cannot locate, a decision interpreting Minnesota's valued policy statute in a case where two losses occurred closely together and where payment had been made as to the first claim. The Court cannot conclude that Defendant acted in bad faith when there is no controlling legal authority in the relevant jurisdiction interpreting the valued policy statute or similar insurance policy in the manner proposed by Plaintiffs.

This is particularly true because courts that have considered the issue in other states have reached contradictory conclusions.[2] In *O'Bryan v. Columbia Ins. Group*, the Kansas Supreme Court considered whether the total amount available for recovery under an insurance policy for a successive loss was reduced by the amount of the prior loss. 56 P.3d 789, 795 (Kans. 2002).[3] In deciding this issue, the Kansas Supreme Court noted that there

---

[2] To some extent, Plaintiffs appeared to suggest at the hearing that the Court could not look to other states' laws because those would go beyond the four corners of the complaint. The Court disagrees. The Court is not bound to accept Plaintiffs' legal conclusions as alleged in their complaint. *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).
[3] Kansas also has a valued policy statute. Kan. Stat. Ann. § 40-905.

were two views on this issue: (1) the historical view, which held that each loss reduced the remaining coverage and (2) the modern view, which held the policy limit applied to each loss. *Id*. The Kansas Court of Appeals adopted the historical view, while the Kansas Supreme Court reversed and adopted the modern view. *Id*. at 795-96. The Texas Court of Appeals later rejected the position of the Kansas Supreme Court when it considered a similar issue. *Coats v. Farmers Ins. Exchange*, 230 S.W.3d 215, 219 (Tex. App. 2006). At least one other valued policy state to consider the issue has also held that when an insured property is destroyed by two or more fires, the measure of recovery for the final loss is the policy limit minus the amounts paid in the settlement of previous losses. *See, e.g.*, *Lancashire Inc. Co. v. Bush*, 82 N.W. 313, 314 (Neb. 1900). Thus, while possible that Plaintiffs may prevail in their breach-of-contract claim, the Court cannot conclude, when there is no precedent in the relevant jurisdiction on point and other jurisdictions have adopted contradictory positions, that Plaintiffs' claim is not fairly debatable. The Court will deny the motion to amend for this reason as well.

### III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Notice For Leave to Amend the Complaint to Add a Claim for Bad Faith Under Minn. Stat. § 604.18 (ECF No. 13) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such

counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: June 26, 2020                                       *s/ Tony N. Leung*
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          District of Minnesota

                                                          *Shaw, et al. v. Farm Bureau Property*
                                                          *and Casualty Insurance Company*
                                                          Case No. 20-cv-534 (NEB/TNL)